UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ZORINA K. DOWD,

Plaintiff,

v.

Case No. 26-cv-1039-pp

FII USA, INC., *a/k/a Foxconn*
and FOXCONN TECHNOLOGY GROUP,

Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE (DKT. NO. 22), GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (DKT. NO. 9), DENYING PLAINTIFF'S MOTION TO AUTHORIZE SUBPOENA OR COMPEL PRODUCTION, FOR LIMITED EARLY DISCOVERY AND FOR PRESERVATION ORDER (DKT. NO. 2), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE (DKT. NO. 3) AND ALLOWING PLAINTIFF TO AMEND COMPLAINT**

---

On June 11, 2026, the plaintiff, who is representing herself, filed a complaint alleging hostile work environment, harassment and retaliation claims against her former employer, Fii USA, Inc., Foxconn Technology Group "and/or related entity, if any, to be confirmed." Dkt. No. 1. The plaintiff paid the $405 filing fee and filed a motion regarding early discovery. Dkt. No. 2. Eleven days after filing the complaint, the court received from the plaintiff a motion for an extension of time to serve. Dkt. No. 3. In late June to early July 2026, the plaintiff attempted to serve the defendants, submitting two affidavits of service for Fii USA, Inc. and Foxconn Technology Group. Dkt. Nos. 5, 6. On July 20, 2026, the defendants filed a motion to dismiss, dkt. no. 9, the plaintiff

filed a response, dkt. no 16, the defendants filed a reply, dkt. no. 19, and the plaintiff filed a second brief in opposition to the motion to dismiss with exhibits, dkt. no. 20. The defendants recently filed a motion to strike the plaintiff's second brief in opposition to the motion to dismiss. Dkt. No. 22. This order rules on the pending motions and allows the plaintiff to amend her complaint and perfect service.

## I. Defendants' Rule 7(h) Expedited, Non-Dispositive Motion to Strike Plaintiff's Unauthorized Sur-Reply in Opposition to Defendants' Motion to Dismiss (Dkt. No. 22)

After the defendants filed their reply in support of the motion to dismiss, the court received from the plaintiff a document she titled "Plaintiff's Opposition to Defendants' Motion/Request to Dismiss and/or to Drop 'Foxconn Technology Group'/Foxconn-Related Entity; and, in the Alternative, Motion for Leave to Amend." Dkt. No. 20. In essence, this is a sur-reply brief. Four days later, the defendants filed a Civil Local Rule 7(h) expedited, non-dispositive motion to strike plaintiff's unauthorized sur-reply/second brief in opposition to defendants' motion to dismiss the complaint. Dkt. No. 22. The defendants argue that the fact that the plaintiff is representing herself does not excuse her from complying with the federal and local rules. Id. at 4 (citing Smith v. Kohler Co., Case No. 23-cv-1182, 2025 WL 2159533, at *6 (E.D. Wis. July 30, 2025) (quoting Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994); Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1996)).

This court's Civil Local Rules 7(a)-(c) (E.D. Wis.) authorize an initial motion from the moving party, a response from the non-moving party and a

reply from the moving party. The rule does not contemplate or authorize sur-reply briefs from the non-moving party. Civil L.R. 7(h) states that any paper not authorized by either the Federal Rules of Civil Procedure or the court's local rules must "be filed as an attachment to a motion requesting leave to file it." The plaintiff did not file a motion asking leave to file her sur-reply brief, which means that she filed that brief in violation of the court's local rules. Even if the plaintiff had sought leave to file her sur-reply, the court likely would not have granted permission. "That is because '[s]ur-replies generally are disfavored." Hobbs v. Willis, Case No. 22-cv-467, 2024 WL 4345835, at *3 (E.D. Wis. Sept. 30, 2024) (quoting Gomez v. V. Marchese & Co., Case No. 20-cv-1802, 2023 WL 4059090, at *8 (E.D. Wis. June 19, 2023)). "Courts grant leave to file [sur-replies] 'only rarely.'" Id.

The court will grant the defendants' motion to strike the plaintiff's sur-reply brief in opposition to the defendants' motion to dismiss and has not considered it in ruling on the motion to dismiss.

**II. Defendants' Motion to Dismiss (Dkt. No. 9)**

The defendants have moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6) and Civil Local Rule 7. The defendants argue that the court does not have personal jurisdiction over "Foxconn Technology Group" because Foxconn Technology Group is not a proper legal entity; that the plaintiff did not properly serve the defendants; and that the complaint fails to "state any claim, plausible on its face, upon which relief could be granted." Dkt. No. 10 at 1–2. The defendants also flagged their

potential preclusion argument, while acknowledging that "courts in the Seventh Circuit have generally deemed it improper to dismiss a complaint under Rule 12 on issue or claim preclusion grounds" because these are affirmative defenses. Id. at 8 n.9 (citations omitted).

A. Allegations in the Complaint (Dkt. No. 1)

The plaintiff filed two complaints on June 11, 2026. She filed a thirteen-page typed complaint, dkt. no. 1, then attached a seven-page complaint using a federal form complaint for employment discrimination, dkt. no. 1-1. She also attached her March 25, 2026, notice-of-right-to-sue issued by the EEOC, dkt. no. 1-2, and her "family and medical leave complaint" and "discrimination complaint" filed with the ERD, dkt. no. 1-4.

The complaint names two defendants: Fii USA, Inc. and Foxconn Technology Group. Dkt. No. 1. It alleges that Fii USA, Inc. is "a Wisconsin-based division of the Foxconn Technology Group." Id. But the plaintiff adds that she may be suing a related entity, "if any, to be confirmed." Id.

The plaintiff alleges that she was "rehired" by Fii USA on November 15, 2021, as a Quality Technician in the GL6 Quality Department, reporting to Michael Pantone." Dkt. No. 1 at 3. The plaintiff says that Pantone subjected her "to a pattern of unwelcome sexual advances, sexually explicit comments, and invasive physical conduct" on "several occasions." Dkt. Nos. 1 at 3, 1-1 at 4. She alleges that Pantone said that he wanted his hands all over her body, got in her personal space and looked down her shirt. Id. She alleges that there were witnesses to the alleged harassment. Dkt. No. 1 at 3. The plaintiff asserts

that Pantone interfered with her transfers and professional opportunities, and that human resources refused to take or file her complaint "at termination." Id. She alleges that she was reassigned to the warehouse and lost shift premiums. Id. at 4. She asserts that her August 11, 2022 termination for timekeeping violations was pretextual. Id.

The plaintiff states three causes of action in the typed complaint: hostile work environment/sexual harassment, saying that she filed multiple complaints with management and HR but they failed to take action. id. at 5; retaliation under Title VII, id. at 6; and wrongful termination, id. at 7. The separate form complaint (attached to the typed complaint) contains the same allegations as the typed complaint, but adds an allegation that the defendants discriminated and retaliated against the plaintiff based on her race in violation of 42 U.S.C. §1981. Dkt. No. 1-1 at 3.

B. Personal Jurisdiction

1. *Legal Standard*

The defendants first move to dismiss under Rule 12(b)(2) on the ground that the court lacks personal jurisdiction over Foxconn Technology Group because it is not a legal entity and thus does not have the capacity to be sued. Dkt. No. 10 at 8-9. A Rule 12(b)(2) motion tests the court's power to exercise personal jurisdiction over a person or corporate defendant. A plaintiff bears the burden of establishing personal jurisdiction when the defendant contests it. N. Grain Mktg., LLC v. Greving, 743 F.3d 487, 491 (7th Cir. 2014). Unlike some other challenges to a plaintiff's complaint, when questions of personal

jurisdiction arise, a court may consider affidavits and other evidence outside of the pleadings. Purdue Rsch. Found. v. Sanofi–Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003). The court must "accept as true all well-pleaded facts alleged in the complaint and resolve any factual disputes in the affidavits in favor of the plaintiff." Id.; Felland v. Clifton, 682 F.3d 665, 672 (7th Cir. 2012).

Although the defendants characterized their motion as a motion to dismiss under Rule 12(b)(2), they have not argued that the court lacks personal jurisdiction over a corporate entity; rather, they say that there is no Foxconn Technology Group entity. The capacity of an entity to be sued is implicated by Fed. R. Civ. P. 9(a) and the defendant is required to raise the issue by a specific denial, including facts that are "peculiarly within the party's knowledge." Fed. R. Civ. P. 9(a)(2). A challenge to the legal existence of a corporation may be raised in the responsive pleading or, if the legal existence issue appears on the face of the pleadings or is otherwise discernible, the issue may be raised in a motion to dismiss for failure to state a claim. 5A Wright & Miller, Federal Practice and Procedure, Civil §1294 (3d ed.) (citing cases). Alternatively, defendants may raise capacity challenges in a motion to strike, a motion for judgment on the pleadings or a motion for summary judgment. Id.

2. *Parties' Arguments*

In support of their argument that Foxconn Technology Group does not have the capacity to be sued, the defendants rely on documents outside of the pleadings. They filed the declaration of Saralyn Emmons, a Senior Human Resources Manager at Fii USA. Dkt. No. 11. Emmons avers that Foxconn

Technology Group is not a legal entity but rather a "brand or term to refer to all the entities falling under the general 'Foxconn' umbrella." Id. at ¶5. The defendants also filed a records search revealing that a search for "Foxconn Technology Group" on the Wisconsin Department of Financial Institutions Corporate Records page produces no results. Dkt. No. 12 at ¶7; 12-2.

In her brief in opposition to the motion, the plaintiff did not dispute the legal status of Foxconn Technology Group but "respectfully request[ed] leave to amend to substitute or confirm the proper corporate party and to dismiss any purely trade-name reference without prejudice, while maintaining claims against Fii USA, Inc." Dkt. No. 16 at 5.

The defendants reply that the plaintiff failed to advance any argument or produce any evidence supporting the exercise of personal jurisdiction. Dkt. No. 19 at 3. They say that the plaintiff filed her administrative complaint in August of 2022 and has had four years to determine the proper party or parties. Id. The defendants object to the plaintiff's request to add any other parties, particularly because she has named her employer; they say that no other entities are relevant to her claims. Id. at 3, n.5.

3. *Discussion*

The complaint identifies and names as a defendant the plaintiff's employer. The plaintiff alleges that she was rehired by Fii USA, dkt. no. 1 at 3; which is a defendant, id. at 1. The plaintiff alleges that Fii USA is a "Wisconsin-based division of the Foxconn Technology Group;" apparently she named Foxconn Technology Group because it was referenced in her employment

materials. Dkt. No. 1 at 1. Fii USA's Rule 7.1 disclosure statement identifies Hon Hai Precision Co. Ltd. as its parent company. Dkt. No. 13. The disclosure further states that Foxconn Technology Group will not file a separate disclosure because it is not a legal entity. Id. at 1, n. 1. Consistent with Rule 9(a)(2) and mindful of Rule 11, the defendants have represented to this court that Foxconn Technology Group is not a suable legal entity. They have explained, through a declaration, that Foxconn Technology Group is used as a brand or a trade name, but does not have an independent legal status. Dkt. No. 11. The plaintiff does not dispute this fact; she simply seeks leave to amend to name the proper defendant.

The court will grant the defendants' motion to dismiss Foxconn Technology Group because it is not a proper defendant. The court also will grant the plaintiff's request for leave to amend. The Seventh Circuit has made it clear that a court should grant leave to amend unless amendment would be futile or unwarranted. Zimmerman v. Bornick, 25 F.4th 491, 494 (7th Cir. 2022). On the one hand, the plaintiff already has named her employer, Fii USA, Inc., as a defendant, so it seems unlikely that there is any other suable entity for the plaintiff's claims.[1] She may have no reason to amend at this point. But

[1] The plaintiff seeks an opportunity to conduct discovery, perhaps thinking that that discovery will help her identify any other possible defendants. Her request is premature. After the plaintiff files an amended complaint and the court screens it, and after the defendants either answer the amended complaint or seek its dismissal, the court will (if appropriate) set dates for conducting discovery. If the plaintiff later learns through discovery of another potential defendant, she may ask the court's permission at that time to file another amended complaint.

at this very early stage, the court cannot definitively say that there is no other entity that can be sued.

C. Service of Process

1. *Legal Standard*

The defendants also move to dismiss under Fed. R. Civ. P. 12(b)(4) and 12(b)(5) for insufficient process and ineffective service. Rules 12(b)(4) and (5) provide for dismissal of complaints for "insufficient process" and "insufficient service of process." Sufficient process requires the service of a summons with the copy of the complaint. Fed. R. Civ. P. 4(c)(1). Rule 4(a)(1) lists the requirements for the content of the summons.

Service must occur within ninety days after the complaint is filed. Fed. R. Civ. P. 4(m). A plaintiff "bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." Cardenas v. City of Chicago, 646 F.3d 1001, 1005 (7th Cir. 2011). Rule 4(h)(1) provides that a plaintiff may serve a corporate defendant in two ways. First, it allows a plaintiff to serve corporate defendants "in the manner prescribed by Rule 4(e)(1)," by following the law of the state where the district court is located for serving a summons Fed. R. Civ. P. 4(h)(1)(A). Wisconsin requires a plaintiff to personally serve an officer, director or managing agent of a corporate defendant. Wis. Stat. §801.11(5)(a). Similarly, Rule 4(h)(1)(B) allows service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by

law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."

2. *Parties' Arguments*

The defendants argue that the plaintiff never has requested—and the clerk never has issued—a summons and that the plaintiff has failed to serve the defendants in any of the attempts she has made. Dkt. No. 10 at 10. The defendants point to the docket, which shows that no summons has been requested or issued. Id. The defendants cite the affidavits of service, which do not reference a summons; both Fii USA and Ogletree Deakins (the defendants' attorneys) have confirmed that no summons ever was served on Fii USA (and Foxconn Technology Group doesn't exist). Id. In addition, the defendants argue that the plaintiff attempted to effectuate proper service by sending a copy of the complaint to Ogletree Deakins via certified mail. Id. They state that Ogletree Deakins is not the registered agent for Fii USA and that Foxconn Technology Group does not exist. Id. at 11. They add that the plaintiff also sent a copy of the complaint to CT Corporation, which is not a registered agent for either Fii USA or Foxconn Technology Group. Id.

The plaintiff responds that she "endeavored in good faith to serve Defendants and provide operative filings." Dkt. No. 16 at 3. She says that on June 29, 2026, the Racine County Sheriff served Saralyn Emmons with the "complaints, ERD recordings, and related materials." Id. at 4. The plaintiff says that if "the Court finds any technical deficiency in process or service," she "requests that the Court quash service without dismissal and grant a brief

extension under Rule 4(m) to obtain and serve the summons and complaint properly." Id.

The defendants reply that the plaintiff "failed to advance any evidence or argument supporting sufficient process or service of process." Dkt. No. 19 at 4.

*3. Analysis*

On June 22, 2026, eleven days after the plaintiff filed her complaint, she filed a motion for a thirty-day extension of time to serve the defendants. Dkt. No. 3. The plaintiff alleged that her attempts to serve were unsuccessful due to "evasive corporate agent or uncooperative personnel." Id. at 1. The plaintiff wrote that "they changed the agent from CT Corporation . . . To a To Be determined?" Id. at 2. She attached a certified mail receipt for a mailing sent to Ogletree Deakins. Dkt. No. 3-1.

On June 23, 2026, the court received from the plaintiff results of a Wisconsin Department of Financial Institutions search which listed Fii USA, LLC's registered agent as "Teresa, 12001 Braun Rd., Mount Pleasant, WI 53177-3349". Dkt. No. 4 at 1–2. The filing also shows search results for "Foxconn" which lists three entities, none of which is FoxConn Technology Group. Id. at 3.

That same day, the court received from the plaintiff an affidavit of service which shows a process server served "Fii USA Inc, a/k/a Foxcon and Foxcon Technology Group and or related entity if any" with

> NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST), "COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, COMPLAINT FOR EMPLOYEMENT [SIC] DISCRIMINATION, PLAINTIFFS PRO SE MOTION FOR ORDER AUTHORIZING SUBPOENA OR COMPELLING

PRODUCTION OF ERD/EEOC. HEARING RECORDINGS AND ANY TRANSCRIPT. REQUEST FOR LIMITED EARLY DISCOVERY; AND PRESERVATION ORDER. CIVIL COVER SHEET.

Dkt. No. 5. The process server writes that "Barb Dejongh, affirmed she was authorized to accept documents, she also states that FII USA/Foxconn was not shown as a listed Corporation with their Company, she would have it researched and a letter would be sent out to confirm." Id.

On July 6, 2026, the court received from the plaintiff an affidavit from the Racine County Sheriff's Office dated June 29, 2026 and certifying that a deputy "served a copy of the within NOTICE OF RIGHT TO SUE, MOTION, COMPLAINTS on SARA LYN EMMONS FOR FOXCONN AKA FIL-USA [sic]." Dkt. No. 6.

The docket reveals that the clerk's office has not issued a summons and the plaintiff has not filed anything to suggest she has served a summons on anyone. For that reason, dismissal is proper under Rule 12(b)(4). In addition, the defendants are correct that service on Fii USA has been insufficient. The plaintiff mailed a complaint to Fii USA's law firm (which is not a registered agent) and served a complaint and related documents (but not a summons) on Fii USA's senior human resources manager (Saralyn Emmons). Most of the plaintiff's attempts served the wrong person and her attempt to serve Fii USA through the Racine County Sheriff did not contain the required summons.

Although the court will grant the motion, the court observes that time remains on the ninety-day time frame authorized by Rule 4(m).[2]

D. Remaining Arguments

The defendants also raised several arguments under Rule 12(b)(6). A Rule 12(b)(6) motion asserts that the plaintiff has failed to state a claim for which a federal court may grant relief. To survive a Rule 12(b)(6) motion, "a plaintiff's complaint must contain allegations that plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." Kubiak v. City of Chicago, 810 F.3d 476, 480 (7th Cir. 2016) (citation modified). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The courts must construe a plaintiff's complaint "in a light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in the non-moving party's favor." Bell v. City of Chicago, 835 F.3d 736, 738 (7th Cir. 2016).

Because the court is granting the defendants' motion on other grounds and granting the plaintiff's request to amend her complaint, the court will not separately address all the defendants' remaining arguments under Rule 12(b)(6). But when drafting the amended complaint, the plaintiff should be aware of what claims she can and cannot bring in federal court.

---

[2] The plaintiff filed her complaint on June 11, 2026; the ninety-day period will expire on September 9, 2026.

An EEOC charge must be filed within 300 days of alleged discriminatory conduct or event. See 42 U.S.C. §200e-5(e)(1). The plaintiff alleges that she filed her complaint with the Equal Rights Division on August 12, 2022; 300 days before the charge was October 16, 2021. With limited exceptions, the plaintiff would be barred from bringing complaints about conduct that occurred before that date. Moreover, the plaintiff may pursue only the claims that were exhausted at the administrative level by the charge she filed with the EEOC and for which she received a right-to-sue letter. 42 U.S.C. §2000e-16(c); see Reynolds v. Tangherlini, 737 F.3d 1093, 1099–1100 (7th Cir. 2013) ("In Title VII cases, the scope of the complaint brought before the administrative agency limits the scope of subsequent civil proceedings in federal court; in other words, plaintiffs may pursue only those claims that could reasonably be expected to grow out of the administrative charges.").

The defendants will have the opportunity to raise their Rule 12(b)(6) arguments, if necessary, after the court has screened the plaintiff's amended complaint.

## III. Plaintiff's Discovery Motions (Dkt. No. 2)

After filing her complaint, the plaintiff filed a motion to compel production of the recording and transcript of the ERD probable cause hearing. Dkt. No. 2. She also filed a declaration stating that "not having these recordings has prejudiced [her] by impairing [her] ability to fully respond" to the defendants' arguments. Dkt. No. 17 at 2. And the plaintiff filed a

supplement showing emails between herself and the Wisconsin Department of Workforce Development records keeper. Dkt. No. 18.

The plaintiff's concerns, while understandable, are premature and unwarranted at this stage. Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to submit a complaint containing "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff does not need to plead every fact supporting her claims; she needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To state a claim, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The transcript and record are not necessary for the plaintiff to comply with these requirements, and the plaintiff says that she already has requested the recording. The court will deny the plaintiff's motion.

## IV. Next Steps

The court is authorizing the plaintiff to file an amended complaint. The plaintiff's amended complaint must include all her allegations in a single document. The amended complaint will take the place of the original complaint; the plaintiff cannot refer the court back to allegations from the

original complaint, but must repeat any of those allegations she wants to include in the amended complaint. The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for her amended complaint. See Civil Local Rule 9(b) (E.D. Wis.). The plaintiff must write the case number for this case in the space provided on the first page. The plaintiff must use the spaces on pages two and three to *concisely* explain the *key facts* that give rise to her claims. The plaintiff does not need to recite every potentially relevant fact of her case or repeat her grievances multiple times but she must state who did what, when, where and why. The plaintiff must not name Foxconn Technology Group as a defendant in the amended complaint. And she must attach to the amended complaint her right to sue letter.

Once the court has received the plaintiff's amended complaint, the court will screen it. See Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). If the court authorizes service, the plaintiff can ask Fii USA, Inc. to waive service under Rule 4(d)(1), which provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." If Fii USA does not waive service, the plaintiff must effectuate service by complying with the rest of Rule 4.

The court issued the plaintiff a "Service Packet" when she filed the complaint; it contains the summons. Rule 4(m) gives the plaintiff ninety days from when she filed her complaint to serve the defendants. She moved for a very premature extension, just days after she filed the complaint. Dkt. No. 3. The court will deny this motion without prejudice because the court is allowing the plaintiff to amend and will need to screen the amended complaint before determining whether to allow the plaintiff to serve it. If the screening order allows any claims to proceed, the court will authorize the plaintiff to serve Fii USA, Inc. and any properly named defendants. At that point, the defendants may file any appropriate motions regarding those surviving claims.

## IV. Conclusion

The court **GRANTS** the defendants' motion to strike the plaintiff's sur-reply. Dkt. No. 22.

The court **GRANTS IN PART** and **DENIES IN PART** the defendants' motion to dismiss. Dkt. No. 9.

The court **GRANTS** the motion to dismiss as to defendant Foxconn Technology Group and **DISMISSES** Foxconn Technology Group as a defendant on the grounds that it is not a suable entity.

The court **GRANTS** the motion to dismiss for insufficient process and insufficient service of process.

The court **DENIES** the defendants' motion to dismiss the case in its entirety, without prejudice.

The court **DENIES** the plaintiff's motion to authorize subpoena or compel production, for limited early discovery and for preservation order. Dkt. No. 2.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for extension of time to serve. Dkt. No. 3.

The court **ORDERS** that if the plaintiff wishes to amend her complaint, she must do so by the end of the day on **September 25, 2026**. If the plaintiff does not file an amended by day's end on September 25, 2026, defendant Fii USA, Inc. may file (or renew) any appropriate motions regarding the claims against it.

Dated in Milwaukee, Wisconsin this 24th day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

# AMENDED COMPLAINT

**(for non-prisoner filers without lawyers)**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

(Full name of plaintiff(s))

______________________________________

______________________________________

______________________________________

v.

Case Number:

______________________________

(to be supplied by Clerk of Court)

(Full name of defendant(s))

______________________________________

______________________________________

______________________________________

---

A. PARTIES

1. Plaintiff is a citizen of ____________________________ and resides at
(State)

____________________________________________________________
(Address)

(If more than one plaintiff is filing, use another piece of paper.)

2. Defendant ______________________________________________
(Name)

is (if a person or private corporation) a citizen of ______________________________
(State, if known)

and (if a person) resides at ______________________________________________
(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for ____________________________________________________________
(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B. STATEMENT OF CLAIM

On the space provided on the following pages, tell:

1. Who violated your rights;
2. What each defendant did;
3. When they did it;
4. Where it happened; and
5. Why they did it, if you know.

C. JURISDICTION

☐ I am suing for a violation of federal law under 28 U.S.C. § 1331.

OR

☐ I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $ ________________.

D. RELIEF WANTED

Describe what you want the Court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or to stop doing something.

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

______________________________________________________________________________

E. JURY DEMAND

I want a jury to hear my case.

☐ – YES ☐ – NO

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this __________ day of ________________________ 20_____.

Respectfully Submitted,

_____________________________________
Signature of Plaintiff

_____________________________________
Plaintiff's Telephone Number

_____________________________________
Plaintiff's Email Address

______________________________________________________________

______________________________________________________________
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper.)